UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert T. Smith,

    Plaintiff,

v.                                        Case No. 2:18-cv-679

Gary C. Mohr, *et al.*,             Judge Michael H. Watson

    Defendants.               Magistrate Judge Deavers

## OPINION AND ORDER

Plaintiff moved for leave to proceed *in forma pauperis* and filed a Complaint in this case on July 10, 2018. ECF Nos. 1; 1-2. Plaintiff also filed a purported notice of voluntary dismissal on the same day. ECF No. 1-4.

After conducting an initial screen pursuant to 28 U.S.C. § 1915 and § 1915A, Magistrate Judge Deavers issued a Report and Recommendation ("R&R") recommending the Court dismiss Plaintiff's Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2). ECF No. 3. The R&R noted that, although the Complaint contained legal conclusions that Defendants denied Plaintiff adequate medical treatment for his blood pressure, vertigo, and sleep apnea, it was devoid of any mention of specific facts regarding his medical conditions, the services rendered (or not rendered) in treatment of those conditions, or any facts detailing the personal involvement of Defendants. *Id.* at 3. The R&R concluded that, because the Complaint contained nothing more than legal conclusions as to Defendant's liability, it failed to state a claim on

which relief may be granted. *Id.* at 4. Further, Magistrate Judge Deavers struck the notice of voluntary dismissal because, at the time it was filed, Plaintiff had not yet been granted leave to proceed *in forma pauperis*, the Complaint therefore was not operative, and there was therefore no claim for Plaintiff to dismiss. *Id.* at 4–5.

Plaintiff timely objected. ECF No. 4. Plaintiff argues that the R&R is "contrary to" his notice of voluntary dismissal filed under Federal Rule of Civil Procedure 41. Plaintiff asks the Court to reject the R&R and grant his notice of voluntary dismissal without prejudice.

Magistrate Judge Deavers issued the R&R pursuant to Federal Rule of Civil Procedure 72(b). Under that rule, the Undersigned must determine *de novo* any part of the Magistrate Judge's disposition that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The Undersigned may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

Plaintiff's objection is overruled. Magistrate Judge Deavers was correct in finding that, because the Court had not yet ruled on Plaintiff's motion for leave to proceed *in forma pauperis* at the time Plaintiff filed his motion for voluntary dismissal, there was no "action" for Plaintiff to dismiss when his motion was filed. That is, Rule 41(a)(1)(A)(i) permits a plaintiff to dismiss an "action" voluntarily by filing a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). An "action" cannot

be dismissed, however, unless an "action" has first commenced. Otherwise, there is nothing to dismiss. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. But under §1915 and § 1915A, the Complaint is not deemed filed until after the Court grants Plaintiff's motion for leave to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915A(a) (directing the court to screen prisoner complaints prior to docketing the same); § 1915(a)(1) ("[A]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit . . . ."). As such, there was no action to dismiss when Plaintiff filed his motion for voluntary dismissal.

The R&R is **AFFIRMED** and **ADOPTED**. The Court dismisses the Complaint, **WITHOUT PREJUDICE**, under § 1915 and § 1915A for failure to state a claim.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**